UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOSEPH E. NAGY,<br><br>    Plaintiff,<br><br>  v.<br><br>LISLE PATTON, *et al.*,<br><br>    Defendants. | MISC. ACTION<br><br>No. 11-267 |

## MEMORANDUM

Plaintiff Joseph E. Nagy brought this action[1] by filing a *pro se* "Verified Criminal Complaint" on November 14, 2011 (Docket No. 1). The complaint is styled as being brought on behalf of the United States of America by Nagy as "relator" or "private attorney general." The individuals named as defendants appear to be employees of a bank and law firm involved in the foreclosure of the plaintiff's home in Texas. Compl. 2, 4-8.[2] Eliana McGrath, who appears to be the plaintiff's former wife, is also named as a defendant. Compl. 1, 12-13. The complaint includes claims for relief under the Fifth

---

[1] This case was originally randomly assigned to the docket of the Honorable Louis H. Pollak. Upon Judge Pollak's recent death, pursuant to the Court's policies and procedures, this case was randomly reassigned to this Court.

[2] Joseph E. Nagy is also a co-plaintiff in a separate civil suit filed in this court against the bank, the law firm, and others. *Nagy v. Wells Fargo Bank, N.A.*, Civ. No. 11-1704 (E.D. Pa. filed Nov. 14, 2011). By order this same date, that suit is being transferred to the U.S. District Court for the Northern District of Texas.

Amendment of the U.S. Constitution; 18 U.S.C. §§ 241, 656, and 1957; and Tex. Penal Code §§ 24.041, 25.03, and 32.45.

On December 1, 2011, the plaintiff moved for a temporary restraining order against Ms. McGrath (Docket No. 2).  The motion asserts that Ms. McGrath violated 18 U.S.C. § 1512(b) (witness tampering) by "corruptly persuad[ing] the Office of the Attorney General of Texas . . . to engage in the collection of child support with possible extradition proceedings against" the plaintiff.  Pl.'s TRO Mot. 1.  The motion requests a temporary restraining order against Ms. McGrath (and others) and an investigation into the welfare of the plaintiff's minor children.

Finally, on December 12, 2011, the plaintiff moved for leave to amend the complaint (Docket No. 3).  The motion for leave to amend indicates that the plaintiff seeks to amend the complaint to include additional defendants and "to improve clarity, address errors, and expand on the case." Pl.'s Mot. to Amend 2.

None of the defendants has moved to dismiss the complaint.  (It is not clear from the record whether any defendant has been served.)  However, even when no party has moved for dismissal, this court may dismiss an action for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6); *see Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."); *Joe Hand Promotions, Inc. v. Rennard St. Enters., Inc.*, 954 F. Supp.

1046, 1055 (E.D. Pa. 1997) ("A district court may dismiss all or part of a complaint *sua sponte* if the procedure used to raise the issue is a fair one.").

In the present case, the Court is aware of no provision under which the plaintiff could bring an action as a "relator" or "private attorney general" to enforce the criminal laws of the United States of America. Federal law provides for occasional situations in which a private party may sue as relator on the Government's behalf for the recovery of money owed to the Government. *See, e.g.*, 31 U.S.C. §§ 3729 *et seq.* (False Claims Act); *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 774-77 (2000) (discussing history of *qui tam* actions). But the plaintiff's complaint here does not invoke any such provisions; the plaintiff seeks, instead, to charge and prosecute the defendants with criminal offenses.

The prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties. "Under the authority of Art. II, § 2 [of the U.S. Constitution], Congress has vested in the Attorney General the power to conduct the criminal litigation of the United States Government." *United States v. Nixon*, 418 U.S. 683, 694 (citing 28 U.S.C. § 516); *see also Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam) ("[W]e are unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court . . . ."); *Smith v. Krieger*, 389 F. App'x 789, 798-99 (10th Cir. 2010) ("Congress has by statute conferred the power to prosecute crimes in the name of the United States on

the United States Attorney General and his delegates.  The long-standing view of the Supreme Court is that such power is exclusive." (internal citation omitted)); *United States ex rel. Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) ("[T]he essential role of the government (i.e. the U.S. Attorney) in the prosecution of criminal violations must of necessity preclude complaints by private citizens.").[3]

Given that Mr. Nagy is proceeding in this case *pro se*, the "Verified Criminal Complaint" might be charitably construed as a civil action against the named defendants.  That route might also prove difficult.  The complaint asserts that the defendants have violated the plaintiff's right to due process under the Fifth Amendment of the U.S. Constitution.  Compl. 9.  A plaintiff may maintain a civil action for violations of the Fifth Amendment's due process clause.  48 U.S.C. § 1983; *Davis v. Passman*, 442 U.S. 228, 236-44 (1979).  But the Fifth Amendment limits only the conduct of government officials.  *Edmonson v. Leesville Concrete Co.*, 500 U.s. 614, 644 (1991) (O'Connor, J., dissenting)

---

[3]Prosecution by public officials was not always the norm.  "Under the ancient English system, criminal prosecutions were instituted at the suit of private prosecutors, to which the King lent his name in the interest of good peace and good order of society."  *Hale v. Henkel*, 201 U.S. 43, 59 (1906); *see also Robertson v. United States ex rel. Watson*, 130 S. Ct. 2184, 2188-89 (2010) (Roberts, C.J., dissenting) (describing history of private prosecutions in England).  The old system of private criminal prosecutions is largely but not entirely absent from modern federal practice.  *See, e.g.*, *United States v. Dixon*, 509 U.S. 688, 692-93 (1993) (private prosecution of criminal contempt); *New Jersey v. Kinder*, 701 F. Supp. 486, 487 & n.1, 491-93 (D.N.J. 1988) (private prosecution of state disorderly persons offense heard in federal court in removal jurisdiction).  As to state practice, "[a]lthough the unfettered right of private prosecution is still recognized in some jurisdictions, the majority have either prohibited the practice altogether or limited the private prosecutor to acting under the control of the public prosecutor."  *Sedore v. Epstein*, 864 N.Y.S.2d 543, 546 (N.Y. App. Div. 2008) (internal citations omitted).

("[N]ot every opprobrious and inequitable act is a constitutional violation. The Fifth Amendment's Due Process Clause prohibits only actions for which the Government can be held responsible."). With exceptions, the Fifth Amendment does not apply to private parties. All of the named defendants appear to be private parties.

The complaint also seeks relief under three federal criminal provisions: 18 U.S.C. § 241 (conspiracy to violate federal rights), § 656 (theft, embezzlement, or misapplication by bank officer or employee), and § 1957 (engaging in monetary transactions in property derived from specified unlawful activity). Compl. 2, 8, 10, 12. It does not appear that any of these three provisions creates an implied private right of action for civil suits by private parties against violators. *See Carpenter v. Ashby*, 351 F. App'x 684, 687 (3d Cir. 2009) (per curiam) (holding that 18 U.S.C. § 241 does not create a private right of action) (citing *United States v. City of Phil.*, 644 F.2d 187, 199 (3d Cir. 1980)); *Barrett v. City of Allentown*, 152 F.R.D. 50, 56 (E.D. Pa. 1993) (same, for 18 U.S.C. § 1957); *Jenkins v. Fid. Bank*, 365 F. Supp. 1391, 1399-1400 (E.D. Pa. 1973) (same, for 18 U.S.C. § 656).

In the interest of protecting the *pro se* plaintiff from any prejudice or unfair surprise, the Court will proceed as follows. The plaintiff's complaint, construed as an effort to initiate a private prosecution of federal criminal law, will be dismissed. But that

dismissal will be without prejudice should the plaintiff determine to proceed with a civil action. An appropriate order accompanies this Memorandum.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
Gene E.K. Pratter
United States District Judge